David M. Poore, SBN 192541
Scott A. Brown, SBN 177099
BROWN | POORE LLP
1350 Treat Blvd., Suite 420
Walnut Creek, California 94597
Telephone:   (925) 943-1166
Facsimile:   (925) 955-8600
dpoore@bplegalgroup.com

Attorneys for Plaintiff
KATHARINE SAVIN

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHARINE SAVIN,<br><br>              Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO; ARCHDIOCESE OF SAN FRANCISCO; FATHER BRUCE LERY; HEATHER HARRIS, M.D.; ANNE KINDERMAN, M.D.; and DOES 1 through 10, inclusive,<br><br>              Defendants. | **Case No.**<br><br>**COMPLAINT FOR DAMAGES, EQUITABLE AND/OR INJUNCTIVE RELIEF**<br><br>VIOLATIONS OF THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983; VIOLATIONS OF THE FAIR EMPLOYMENT AND HOUSING ACT, GOVERNMENT CODE § 12940 ET. SEQ.<br><br>**JURY TRIAL DEMANDED** |

Plaintiff KATHARINE SAVIN complains and alleges as follows:

## PARTIES AND JURISDICTION

1.     Plaintiff KATHARINE SAVIN ("Plaintiff") is, and at all relevant times hereto, has been a resident of the State of California.

-1-
COMPLAINT FOR DAMAGES, EQUITABLE, AND/OR INJUNCTIVE RELIEF
SAVIN V. CITY & COUNTY OF SAN FRANCISCO ET AL

2. Plaintiff is informed and believes and thereby alleges that Defendant CITY AND COUNTY OF SAN FRANCISCO, is and at all relevant times hereto, was a public entity that operated in the State of California, County of San Francisco.

3. Defendant CITY AND COUNTY OF SAN FRANCISCO, including its departments, units, and/or political subdivisions, is and at all relevant times hereto, was an employer operating as a public entity within the State of California, County of San Francisco, who regularly employed more than 15 persons. Plaintiff was assigned to work at the San Francisco General Hospital (hereinafter, "Defendant" or "San Francisco General Hospital").

4. Defendant San Francisco General Hospital is a city municipality located within the State of California and doing business as a government entity under color of state authority and law.

5. Plaintiff is informed and believes and thereby alleges that Defendant ARCHDIOCESE OF SAN FRANCISCO (hereinafter "Archdiocese" or "Defendant"), is and at all relevant times hereto, was an employer that operated in the State of California, County of San Francisco.

6. Plaintiff is informed and believes that Defendant Archdiocese regularly employed more than 15 persons.

7. Defendant FATHER BRUCE LERY ("Father Lery" or "Defendant") is an individual whose residence is located in the State of California. Defendant Father Lery is a member of the Palliative Care Team at San Francisco General Hospital, and, at all relevant times, worked with Plaintiff at San Francisco General Hospital. For purposes of the cause of action

under the Civil Rights Act, Father Lery is being sued in his official and/or individual capacity acting under color of law.

8. At all relevant times, Plaintiff is informed and believes that Father Lery was employed jointly by both Defendants San Francisco General Hospital and the Archdiocese. Defendant Archdiocese assigned Father Lery to the Palliative Care Team at San Francisco General Hospital, who managed and controlled all aspects of Father Lery's employment, while Father Lery worked at San Francisco General Hospital.

9. Defendant HEATHER HARRIS, M.D. ("Dr. Harris" or "Defendant") is an individual whose residence is located in the State of California. Defendant Dr. Harris is a supervisor and/or managerial employee of the Palliative Care Team at San Francisco General Hospital, and, at all relevant times, was one of Plaintiff's supervisors. For purposes of the cause of action under the Civil Rights Act, Defendant Dr. Harris is being sued in her official and/or individual capacity acting under color of law.

10. Defendant ANNE KINDERMAN, M.D. ("Dr. Kinderman" or "Defendant") is an individual whose residence is located in the State of California. Defendant Dr. Kinderman is a supervisor and/or managerial employee of the Palliative Care Team at San Francisco General Hospital, and, at all relevant times, was one of Plaintiff's supervisors. For purposes of the cause of action under the Civil Rights Act, Defendant Dr. Kinderman is being sued in her official and/or individual capacity acting under color of law.

11. This Court has jurisdiction and venue over this action in that Defendants employed Plaintiff within this judicial district in the State of California. This Court has supplemental jurisdiction over the state law claims, in that they arose from the same common nucleus of operative facts, as the federal claims.

-3-
COMPLAINT FOR DAMAGES, EQUITABLE, AND/OR INJUNCTIVE RELIEF
SAVIN V. CITY & COUNTY OF SAN FRANCISCO ET AL

12. Plaintiff is unaware of the true identity, nature and capacity of each of the defendants designated herein as a DOE, whether individual, corporate, associate or otherwise, who therefore sues such defendants by fictitious names pursuant to California Code of Civil Procedure §474. Plaintiff is informed and believes and thereby alleges that each of the defendants designated herein as a DOE is in some manner responsible for the damages and injuries as are alleged in this Complaint. Upon learning the true identity, nature and capacity of the DOE defendants, plaintiff will amend this Complaint to allege their true names and capacities.

13. Plaintiff has exhausted all administrative remedies, including obtaining a right-to-sue letter from the Department of Fair Employment and Housing. Plaintiff has filed this complaint within one year of receiving the DFEH right to sue letter.

14. Unless otherwise indicated as acting in individual capacity, Plaintiff is informed and believes, and thereby alleges that each of the defendants herein were at all times relevant hereto, the agents, representatives, servants and employees of the remaining defendants, and was acting at least in part within the course and scope of such relationship, and that the wrongful acts alleged herein were committed by such defendants, and each of them.

**FACTUAL BACKGROUND**

15. On or about February 9, 2015, Defendant San Francisco General Hospital hired Plaintiff as a Medical Social Worker. Plaintiff was assigned to the Palliative Care Unit of the Division of Hospital Medicine. The Palliative Care Unit consisted of physicians, nurses, social workers, and a member of the clergy. Father Lery was assigned as the clergy member of the Palliative Care Unit, and Defendants Kinderman and Harris were the physicians, who supervised the unit.

16. During the period of time that Plaintiff worked at the Palliative Care Unit, she performed her duties in an acceptable and professional manner. Plaintiff received consistent praise from members of the public, as well as the management staff, and Plaintiff received positive performance evaluations. At all relevant times, Plaintiff possessed the requisite skills in her position and was capable of performing the essential functions of her job.

17. Commencing in February 2015, and continuing for several months throughout her employment with San Francisco General Hospital, Father Lery created a hostile work environment towards Plaintiff based upon her sex, and Father Lery repeatedly and consistently engaged in sexual harassment towards Plaintiff in the workplace.

18. Father Lery found a way to sexualize most of his communications to Plaintiff. He told her that they would make a "cute couple" and invited her on a "date" to a "romantic" location. He consistently touched Plaintiff's shoulders, back, and thighs in the workplace, and he made several comments about Plaintiff's physical appearance and clothes.

19. On another occasion, Plaintiff spent a night in the hospital caring for a friend on a Sunday. Father Lery greeted her in the morning, while she was still in her pajamas, with a long uncomfortable hug. When Father Lery released his grasp on Plaintiff, he continued to hold Plaintiff's shoulders, and he told Plaintiff, "I love you."

20. Father Lery grabbed Plaintiff by the collar of her shirt in the workplace.

21. During a team photograph, Father Lery placed his hands and fingers on Plaintiff's bare skin under her shirt, just above her breast, in an alleged attempt to help her "tuck" her collar in.

22. When Father Lery placed his hands down Plaintiff's shirt, he whispered to Plaintiff, "I hope it is ok that I am doing this." Plaintiff immediately objected and asked that he stop.

23. Father Lery hugged and held Plaintiff for an unreasonable amount of time when he would greet her in the workplace. On more than one occasion, he placed his hands on her shoulders, and said, "I love you so much."

24. On another occasion, Father Lery asked Plaintiff to come back to his private office, so that he could give her a back and shoulder massage. Plaintiff declined.

25. Father Lery also placed his hands on a female patient's breasts, and he placed his hands just above a patient's sister's breast, who only spoke Spanish.

26. Father Lery further made consistent remarks and comments about other females in the workplace, and Plaintiff is informed and believes that at least three other female employees of San Francisco General Hospital made sexual harassment complaints against Father Lery. Plaintiff is informed and believes that another female social worker, and two female nurses made workplace complaints of sexual harassment directly against Father Lery, but Defendants failed to take any reasonable measures to prevent the conduct from continuing in the workplace.

27. After enduring several incidents of harassment, Plaintiff verbally reported the conduct to Defendants Harris and Kinderman. Defendant Harris replied, "Not again!" But, Defendants did nothing to investigate the complaint, or take any reasonable measures to address the conduct in the workplace.

28. After the conduct continued, Plaintiff reported the conduct in writing to her managers. Plaintiff sent an email complaint to her supervisors, Defendants Harris and Kinderman, with the hope that her complaint would be taken seriously. In response, Defendant Kinderman called Plaintiff on her personal cell phone, urged Plaintiff not to report the incident, and then actually demanded that Plaintiff cover up the email that she had sent. Defendants told Plaintiff, "You cannot send these things via email" as "somebody could get in trouble." Defendants further told Plaintiff, "I want to protect everyone on our team, including Father Bruce, and that can't happen if we go through formal routes. So please don't put anything like this in writing again." Plaintiff was visibly stunned, and she was compelled to seek treatment and care for aggravation of post-traumatic stress disorder ("PTSD") with her treating physician.

29. In June 2015, Plaintiff was contacted by Defendants' Human Resources Department. Plaintiff was informed that another nurse on the Palliative Care Team had contacted Human Resources about Father Lery's sexual harassment in the workplace.

30. Shortly hereafter, the hospital directors asked Plaintiff to attend a meeting to explain what happened with Father Lery. The following week, the EEO office of the Human Resources Department contacted Plaintiff and asked that she participate in an investigation. Plaintiff was advised that she could file a formal complaint with the Department of Fair Employment and Housing, or she could file a complaint with the Human Resources' EEO office. Plaintiff then lodged a formal written complaint to the EEO office of the Human Resources Department of Defendant San Francisco General Hospital. The Human Resources Department informed Plaintiff that they would advise her of the outcome of the investigation.

31. Once Plaintiff presented her harassment complaint to the EEO office, Melissa Leblanc, an EEO representative, informed Plaintiff that there was nothing that they could do to discipline Father Lery, as Defendants claimed he was not a "City" employee.

32. Instead, the proposed solution offered by Ms. Leblanc was to move Plaintiff to a "different unit" – even though she was the victim and reporting party.

33. Plaintiff's treating physician then placed her on medical leave for a finite period of time until August 2015.

34. Immediately after Plaintiff lodged her formal complaint with the Human Resources office, Plaintiff was the subject of workplace retaliation, including the failure to properly and reasonably accommodate her medical condition and disability, thus subjecting Plaintiff to constructive termination, and, when Plaintiff made job inquiries in her field, Defendants actively interfered with Plaintiff's efforts, and they mischaracterized Plaintiff's qualifications and work.

35. For example, in September 2015, after Plaintiff had made workplace complaints to the EEO office, Defendant Dr. Kinderman sent an email to a representative at Stanford Health Care stating that Plaintiff had left San Francisco General Hospital as a result of her "medical issues" and that Plaintiff was taking time off "to think about next steps, professionally."

36. Additionally, after Plaintiff presented her harassment complaint to the EEO office, Defendants failed to reasonably accommodate Plaintiff's medical condition and/or disability. On or about August 4, 2015, at the expiration of Plaintiff's leave of absence, her treating physician requested reasonable accommodations so that Plaintiff could return to the workplace. Plaintiff's treating physician requested job restructuring and/or reassignment, and assisted devices and services, which did not constitute an undue burden on the employer.

37. In response, Defendants failed to reasonably accommodate Plaintiff's medical condition and/or disability. Defendants denied Plaintiff's request for additional medical leave, and, on or about August 27, 2015, sent Plaintiff a COBRA notice.

38. In October 2015, Plaintiff then made a second complaint to the Human Resources Department asserting retaliation. The complaint was assigned to EEO Manager Zachary Williams, who advised Plaintiff that she would be informed of the outcome of the investigation, as well as a determination letter.

39. In April 2016, after several months had gone by, Defendant San Francisco General Hospital's Human Resources Department contacted Plaintiff to advise her of the outcome of the investigations. Defendants informed Plaintiff that her internal EEO complaints were "substantiated", but they refused to provide Plaintiff with a copy of the investigation report or determination letter, unless she agreed to a "resolution" of the matter.

## **FIRST CAUSE OF ACTION**

(Violations First and Fourteenth Amendment, 42 U.S.C. Section 1983 – Defendants Lery, Kinderman, and Harris only)

40. Plaintiff incorporates herein by reference all of the allegations contained in paragraphs 1 through 39 of this Complaint as fully set forth herein.

41. In acting above, Defendants violated Plaintiff's constitutional rights to privacy, free speech, and right to petition under the First and Fourteenth Amendments to the United States Constitution, and, acting under color of authority, further violated Plaintiff's rights under 42 U.S.C. Section 1983.

COMPLAINT FOR DAMAGES, EQUITABLE, AND/OR INJUNCTIVE RELIEF
SAVIN V. CITY & COUNTY OF SAN FRANCISCO ET AL

42. Defendants violated Plaintiff's First Amendment rights, in that Defendants retaliated against Plaintiff for making complaints of public concern to Defendants, and violated Plaintiff's privacy rights by improperly disclosing private medical and employment information pertaining to Plaintiff, and unlawfully touched Plaintiff's body without her consent.

43. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered loss of employment, indignity, great humiliation and emotional distress manifesting in physical symptoms.

44. Defendants' actions have caused and continue to cause Plaintiff substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, future earnings and benefits, cost of suit, humiliation, embarrassment and anguish, all to her damage in an amount according to proof.

45. As to the individual Defendants only, the acts of these said defendants as alleged herein, were intentional, oppressive, fraudulent, and done with ill will and intent to injure Plaintiff and to cause Plaintiff mental anguish, anxiety, and distress. The Defendants' acts were done in conscious disregard of the risk of severe emotional harm to Plaintiff and with the intent to injure Plaintiff, constituting oppression, fraud, malice under California Civil Code §3294, entitling Plaintiff to punitive damages against these defendants only.

## SECOND CAUSE OF ACTION

(Violations of FEHA – Gender Discrimination – Defendants San Francisco General Hospital and Archdiocese of San Francisco only)

46. Plaintiff realleges and incorporates by reference Paragraphs 1 through 45 of this Complaint as though fully set forth herein.

47. California Government Code § 12940, et. seq., provides that it is an unlawful employment practice for an employer to discriminate on the basis of gender or sex in the terms and conditions of employment.

48. Defendants violated Government Code § 12940, et. seq. with regard to Plaintiff when they discriminated against Plaintiff on the basis of her gender and sex.

49. Defendants' conduct toward Plaintiff as alleged above, constitutes an unlawful employment practice in violation of California Government Code § 12940.

50. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered loss of employment, indignity, great humiliation and emotional distress manifesting in physical symptoms.

51. Defendants' actions have caused and continue to cause Plaintiff substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and benefits, cost of suit, humiliation, embarrassment and anguish, all to her damage in an amount according to proof.

## **THIRD CAUSE OF ACTION**

(Violations of FEHA – Retaliation – Defendants San Francisco General Hospital and Archdiocese of San Francisco only)

52. Plaintiff realleges and incorporates by reference Paragraphs 1 through 51 of this Complaint as though fully set forth herein.

53. California Government Code § 12940(h) provides that it is an unlawful employment practice for an employer or any other person to retaliate against an employee for engaging in a protected activity.

54. Defendants violated Government Code § 12940 with regard to Plaintiff when it engaged in adverse employment actions in retaliation for making internal complaints to the EEO office based upon sexual harassment that created a hostile work environment.

55. Defendants' conduct toward Plaintiff as alleged above, constitutes an unlawful employment practice in violation of California Government Code § 12940.

56. As a direct and proximate result of Defendants' retaliatory conduct, Plaintiff has suffered loss of employment, indignity, great humiliation and emotional distress manifesting in physical symptoms.

57. Defendants' actions have caused and continue to cause Plaintiff substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and benefits, cost of suit, humiliation, embarrassment and anguish, all to her damage in an amount according to proof.

**FOURTH CAUSE OF ACTION**

(Violations of FEHA – Sexual Harassment – Defendants Lery, San Francisco General Hospital, and Archdiocese of San Francisco only)

58. Plaintiff incorporates herein by reference all of the allegations contained in paragraphs 1 through 57 of this Complaint as fully set forth herein.

59. California Government Code § 12940 provides that it is an unlawful employment practice for an employer or any other person to harass or create a hostile work environment for an employee based upon sex or gender.

60. Defendants violated Government Code § 12940 with regard to Plaintiff when they engaged in a hostile work environment based upon sex or gender, and harassed Plaintiff in the workplace based upon her sex or gender.

61. Defendants' conduct toward Plaintiff as alleged above, constitutes an unlawful employment practice in violation of California Government Code § 12940.

62. As a direct and proximate result of Defendants' harassing conduct, Plaintiff has suffered loss of employment, indignity, great humiliation and emotional distress manifesting in physical symptoms.

63. Defendants' actions have caused and continue to cause Plaintiff substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and benefits, cost of suit, humiliation, embarrassment and anguish, all to her damage in an amount according to proof.

64. As to individual Defendant Lery only, the acts of this said defendant as alleged herein, was intentional, oppressive, fraudulent, and done with ill will and intent to injure Plaintiff and to cause Plaintiff mental anguish, anxiety, and distress. Defendant Lery's acts were done in conscious disregard of the risk of severe emotional harm to Plaintiff and with the intent to injure Plaintiff, constituting oppression, fraud, malice under California Civil Code §3294, entitling Plaintiff to punitive damages against this defendant on this cause of action.

## FIFTH CAUSE OF ACTION

(Violations of FEHA – Failure to Accommodate Medical Condition/Disability – Defendants San Francisco General Hospital, and Archdiocese of San Francisco only)

65. Plaintiff realleges and incorporates by reference Paragraphs 1 through 64 of this Complaint as though fully set forth herein.

66. California Government Code § 12940 provides that it is an unlawful employment practice for an employer to fail to reasonably accommodate an employee's medical condition and/or disability, or discriminate against an employee based upon medical condition or disability.

67. Defendants violated Government Code § 12940 with regard to Plaintiff when it failed to reasonably accommodate Plaintiff's medical condition and/or disability, and discriminated against Plaintiff based upon her medical condition and/or disability.

68. Defendants' conduct toward Plaintiff as alleged above, constitutes an unlawful employment practice in violation of California Government Code § 12940.

69. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered loss of employment, indignity, great humiliation and emotional distress manifesting in physical symptoms.

70. Defendants' actions have caused and continue to cause Plaintiff substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and benefits, cost of suit, humiliation, embarrassment and anguish, all to her damage in an amount according to proof.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment against Defendants, and each of them as follows:

1. For general damages in an amount according to proof;
2. For special damages in an amount according to proof;
3. For prejudgment interest in an amount according to proof;
4. For punitive damages in an amount according to proof;
5. For equitable and/or injunctive relief;
6. For statutory penalties, if applicable;
7. For reasonable attorney's fees and cost of suit therein;
8. For such other and further relief as the court may deem proper.
9. <u>Plaintiff demands a trial by jury</u>.

Dated:  October 1, 2016                                    BROWN | POORE LLP

By:   *//s// David M. Poore*
         David M. Poore
         Attorneys for Plaintiff