UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHARINE SAVIN,<br><br>Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 16-cv-05627-JST<br><br>**ORDER GRANTING MOTION FOR GOOD FAITH SETTLEMENT**<br><br>Re: ECF No. 114 |

Before the Court is Defendant The Roman Catholic Archbishop of San Francisco's motion for good faith settlement. ECF No. 114. The Court will grant the motion and find the settlement was made in good faith.

I.  **BACKGROUND**

Plaintiff Katherine Savin filed a lawsuit against the Archdiocese of San Francisco,[1] the City and County of San Francisco (CCSF), Father Bruce Lery and other defendants alleging constitutional violations under section 1983; violations under The Fair Employment and Housing Act (FEHA); negligence; and intentional interference with prospective economic advantage. *See* ECF No. 39, First Amended Complaint ("FAC").

The underlying dispute revolves around Savin's time as a Medical Social Worker in the Palliative Care Unit at Zuckerberg San Francisco General Hospital. FAC ¶ 15. Father Lery was assigned as the clergy member of the Palliative Care Unit, although "his duties were not primarily religious in nature, and he provided counseling and support services to patients of all faiths." *Id.*

---

[1] Defendant The Roman Catholic Archbishop of San Francisco, a corporation sole, claims it was erroneously sued as the Archdiocese of San Francisco. ECF No. 114 at 3. Nevertheless, Defendant refers to itself as the Archdiocese throughout its motion. The Court follows suit.

Savin alleges that "Father Lery created a hostile work environment towards Plaintiff based upon her sex, and Father Lery repeatedly and consistently engaged in sexual harassment towards Plaintiff in the workplace." *Id.* ¶ 18. She alleges that she verbally reported the conduct to supervisors, but they "did nothing to investigate the complaint, or take any reasonable measures to address the conduct in the workplace." *Id.* ¶ 28.

On May 11, 2018, the Archdiocese filed a motion for good faith settlement determination. ECF No. 114. The Archdiocese requests that the Court find that the settlement between Plaintiff and the Archdiocese was made in good faith pursuant to California Civil Code of Civil Procedure 877.6, and to bar all claims against the Archdiocese for contribution and indemnity. In exchange for a full and final settlement of Savin's claims against the Archdiocese, the Archdiocese will pay Savin $40,000.00. ECF No. 114-2 at 11-18 (settlement agreement and release). The Dioceses contends that "this amount represents approximately sixteen percent (16%) of Plaintiff's total alleged damages." ECF No. 114 at 6. No defendants oppose this motion.[2]

## II. LEGAL STANDARD

Under California law, "[w]here a release, dismissal with or without prejudice or a covenant not to sue or not to enforce judgment is given in good faith before verdict or judgment to one or more of a number of tortfeasors claimed to be liable for the same tort . . . [i]t shall discharge the party to whom it is given from all liability for any contribution to any other tortfeasors." Cal. Civ. Pro. Code § 877. Before granting such a discharge, however, California law requires the court to make a determination that the settlement has been entered in good faith before that settlement can become final. *Id.* § 877.6. The section provides further that "[a] determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor or co-obliger from any further claims against the settling tortfeasor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." *Id.* § 877.6(c).

A settlement is made in good faith if is within a "reasonable range" of the settling parties'

---

[2] Defendant Father Bruce Lery filed an opposition to the Archdiocese's motion for good faith on May 29, 2018. ECF No. 123. The Court granted his request to defer ruling on the objection until he had a chance to take the deposition of Bishop William Justice. ECF No. 124. Father Bruce Lery withdrew his opposition on June 19, 2018. ECF No. 127.

2

proportionate share of liability to the plaintiff. *Tech-Bilt Inc. v. Woodward-Clyde & Assoc.*, 38 Cal. 3d 488, 499 (1985). Courts, in making a good faith settlement determinations, should consider the following factors: (1) "a rough approximation of plaintiffs' total recovery and the settlor's proportionate liability"; (2) "the amount paid in settlement"; (3) "the allocation of settlement proceeds among plaintiffs"; (4) "a recognition that a settlor should pay less in settlement than he would if he were found liable after trial"; (5) "the financial conditions and insurance policy limits of settling defendants"; and (6) "the existence of collusion, fraud, or tortious conduct aimed to injure the interests of nonsettling defendants." *Id.* (citation omitted). Any party opposing an application for good-faith settlement bears the burden of proving "that the settlement is so far 'out of the ballpark' in relation to these factors as to be inconsistent with the equitable objectives of the statute." *Id.* at 499-500; *see also* Cal. Civ. Proc. Code § 877.6(d). At this stage of litigation, hard evidence is sometimes difficult to obtain, and "practical considerations obviously require that the evaluation [of the settlement under *Tech-Bilt*] be made on the basis of information available at the time of settlement." *Abbott Ford, Inc. v. Super. Ct.*, 43 Cal. 858, 874 (1987).

When no party objects to the proposed settlement, the court may bypass the *Tech-Bilt* factors and enter a finding of good faith when presented merely with "the barebones motion which sets forth the ground of good faith, accompanied by a declaration which sets forth a brief background of the case." *City of Grand Terrace v. Super. Ct. of San Bernardino Cnty.*, 192 Cal. App. 3d 1251, 1261 (1987); *PAG-Daly City, LLC v. Quality Auto Locators*, Inc., No. C 12-3907 WHA, 2014 WL 807415, at * 1-2 (N.D. Cal. Feb. 27, 2014).

**III. ANALYSIS**

The Court has reviewed the motion, the supporting declarations, and exhibits. Moving defendant provided notice to all non-settling defendants. No defendant opposes the motion. Because no party contests the motions, it is unnecessary to weigh the *Tech–Bilt* factors. *City of Grand Terrace*, 192 Cal. App. 3d at 1261. The motion is therefore granted.

/ / /

/ / /

3

**CONCLUSION**

For the foregoing reasons, the Court GRANTS the Archdiocese's unopposed motion for determination of good faith settlement.

**IT IS SO ORDERED.**

Dated: June 25, 2018

_____
JON S. TIGAR
United States District Judge